UNITED STATES of America
v.
Charles F. MASARIK, Jr.
Crim. No. 14686.

United States District Court
W. D. Pennsylvania.
Jan. 6, 1956.

D. Malcolm Anderson, U. S. Atty., Pittsburgh, Pa., for plaintiff.

Veto J. Rich, Pittsburgh, Pa., for defendant.

SORG, District Judge.

The defendant, Charles F. Masarik, Jr., by his counsel moves to dismiss the indictment in this case. The indictment charges a violation of Section 1621 of Title 18 U.S.C. in that in April, 1954, the defendant made false statements, under oath, before an inspector of the Internal Revenue Service, United States Treasury Department, during the investigation of various irregularities in the collection of taxes and alleged irregularity and misconduct of officers and agents assigned to the Pittsburgh District of the Internal Revenue Service, to which investigation said inspector was lawfully detailed. The false statements charged in the indictment pertained to the solicitation of campaign contributions from employes of the Internal Revenue Service by the defendant, an officer and agent of the Internal Revenue Service.

Defendant assigns the following reasons in support of his motion:

1. The false statement as laid in the indictment is not a material matter.

2. The indictment runs afoul of the Statute of Limitations.

3. The inspector of the Internal Revenue Service, United States Treasury Department was not a competent tribunal, officer or person empowered to administer oaths.

4. The indictment does not properly set forth the source or authority of the inspector to take and administer oaths.

As to point No. 1 raised by the defendant, it is clear that the allegations contained in the indictment cover activities prohibited by what is known as the Hatch Act, 18 U.S.C. § 602, which provides as follows:

"Whoever, being a Senator or Representative in, or Delegate or Resident Commissioner to, or a candidate for Congress, or individual elected as, Senator, Representative, Delegate, or Resident Commissioner, or an officer or employee of the United States or any department or agency thereof, or a person receiving any salary or compensation for services from money derived from the Treasury of the United States, directly or indirectly solicits, receives, or is in any manner concerned in soliciting or receiving, any assessment, subscription, or contribution for any political purpose whatever, from any other such officer, employee, or person, shall be fined not more than $5,000, or imprisoned not more than three years or both. June 25, 1948, c. 645, 62 Stat. 722."

Such violation consists of "misconduct of officers and agents" in the investigation to which Inspector Robertson was assigned as set forth in the indictment. The false statement as laid in the indictment is, therefore, relevant and material.

Nor does the indictment run afoul of the Statute of Limitations. As was held in Marzani v. United States, 83 U.S.App.D.C. 78, 168 F.2d 133, affirmed in 335 U.S. 895, 69 S.Ct. 299, 93 L.Ed. 431, and adhered to on rehearing in 336 U.S. 922, 69 S.Ct. 513, 93 L.Ed. 1075, a defendant who was indicted January 17, 1947, for alleged false statements made November 15, 1946, pertaining to actions which occurred in 1940 and 1941, was properly convicted under what is known as the False Claims Act, 18 U.S.C. § 80.* See also United States v. Hiss, 2 Cir., 1950, 185 F.2d 822. This Court is of the opinion that the same principles are applicable in the instant case.

* 1948, Revision, 18 U.S.C. §§ 287, 1001.

As to the third and fourth reasons assigned, the indictment expressly states that the Internal Revenue inspector did have authority to administer oaths. It is not necessary that the indictment set forth the specific source of authority, it being sufficient that it state the existence of such authority.

Defendant's motion to dismiss will be denied. In order that he may properly prepare his defense, however, defendant's motion for bill of particulars will be granted.